E-FILED; Anne Arundel Circuit Court
Docket: 1/15/2021 10:05 AM; Submission: 1/15/2021 10:05 AM

IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

DAVID ODEN PACE
1519 14th AVENUE NORTH
BESSEMER, AL 35020

    Plaintiff,

v.

CHRIS DANIEL PIERCEFIELD
7575 OFFICE CITY DRIVE, #710
HOUSTON, TX 77012

AND

CRST LINCOLN SALES, INC.
3930 16TH AVE SW
CEDAR RAPIDS, IA, 52404, USA
Serve On:
COGENCY GLOBAL INC.
1519 YORK ROAD
LUTHERVILLE MD 21093

    Defendants.

C-02-CV-21-000065

## COMPLAINT

**(Negligence; Agency; Negligent Entrustment; Negligent Hiring, Training, Retention and Supervision)**

David Oden Pace, through counsel, Monique L. Lee and **CHASEN**BOSCOLO Injury Lawyers, brings this cause of action against the Defendants: (1) Chris Daniel Piercefield ("Defendant Piercefield") for damages resulting from his negligence; and (2) CRST Lincoln Sales ("Defendant CRST") for damages resulting from liability as principal for its agent, Defendant Piercefield's, negligence, as well as from its negligent entrustment.



EXHIBIT B

## II. JURISDICTION AND VENUE

1. This court's subject matter jurisdiction over this action is based on MD. CODE ANN, CTS. & JUD. PROC. § 1-501.

2. This Court's personal jurisdiction in this action is based on MD. CODE ANN, CTS. & JUD. PROC. § 6-102(a).

3. Venue is properly vested in this Court pursuant to MD. CODE ANN, CTS. & JUD. PROC. § 6-201(a) and (b).

## III. PARTIES

4. David Oden Pace (hereinafter "Mr. Pace") is a 51 year old male who is a resident of the City of Bessemer in the State of Alabama.

5. Upon information and belief, Defendant Piercefield is a 41 year old male who is a resident of the city of Houston in the State of Texas.

6. Upon information and belief, Defendant CRST is a business entity registered in the State of Iowa, and regularly conducts business in and around the State of Maryland.

## IV. FACTS

7. On April 18, 2018, Defendant Piercefield was operating a motor vehicle exiting off Maryland Route 100 Eastbound onto Maryland Route 170 Southbound in Anne Arundel County, Maryland.

8. Upon information and belief, the motor vehicle was leased from Defendant CRST.

9. At approximately the same time and place, Mr. Pace was asleep in the sleeper cab when Defendant Piercefield failed to control the motor vehicle, causing it to run off the road near the intersection of Maryland Route 100 and Maryland Route 170 and overturned onto the driver's side causing Mr. Pace severe injuries.

10. At the time, it was the duty of Defendant Piercefield to operate the vehicle in a safe and reasonable manner for the conditions then existing. This duty included, but was not limited to, always making the safest choice while operating a vehicle.

11. At that time, it was the duty of Defendant Piercefield to know and obey all traffic safety rules in effect.

12. At that time, it was the duty of Defendant Piercefield to watch the road.

13. At that time, it was the duty of Defendant Piercefield to see what was there to be seen.

14. At that time, it was the duty of Defendant Piercefield to pay full time and attention to the operation of a motor vehicle.

15. At that time, it was the duty of Defendant Piercefield to react to changing traffic patterns.

16. At that time, it was the duty of Defendant Piercefield to operate the vehicle at a speed to ensure that it would not overturn or run off the roadway.

17. Defendant Piercefield breached these duties by choosing not to operate a vehicle in a safe and reasonable manner and not making the safest choice while operating a vehicle to prevent serious harm or death to others.

18. Defendant Piercefield breached these duties by choosing not to know and obey all traffic safety rules in effect.

19. Defendant Piercefield breached these duties by choosing not to watch the road.

20. Defendant Piercefield breached these duties by choosing not to see what was there to be seen.

21. Defendant Piercefield breached these duties by choosing not to pay full time and attention to the operation of a motor vehicle.

22. Defendant Piercefield breached these duties by choosing not to react to changing traffic patterns.

23. Defendant Piercefield breached these duties by choosing not to operate the vehicle at a speed to ensure that it would not overturn or run off the roadway.

24. At the time, Defendant CRST was the principal for Defendant Piercefield, who was acting as an agent for Defendant CRST.

25. At the time Defendant CRST allowed Defendant Piercefield to operate a motor vehicle it owned, Defendant CRST had a duty to only allow its vehicle to be operated by a driver who would not needlessly endanger the public.

26. At the time Defendant CRST allowed Defendant Piercefield to operate a motor vehicle it owned, Defendant CRST had a duty to only all its vehicle to be operated by safe, qualified driver.

27. At the time Defendant CRST allowed Defendant Piercefield to operate a motor vehicle it owned, Defendant CRST had a duty to only allow its vehicle to be operated by a competent driver.

28. At the time Defendant CRST allowed Defendant Piercefield to operate a motor vehicle it owned, Defendant CRST had a duty to only allow its vehicle to be operated by a driver who would not drive recklessly.

29. At the time Defendant CRST allowed Defendant Piercefield to operate a motor vehicle it owned, Defendant CRST had a duty to only allow its vehicle to be operated by drivers that would operate it in a safe and reasonable manner for the conditions then existing.

30. Defendant CRST breached these duties when it allowed Defendant Piercefield to operate its vehicle despite knowing that he would needlessly endanger the public in the operation of a motor vehicle.

31. Defendant CRST breached these duties when it allowed Defendant Piercefield to operate its motor vehicle despite knowing he was not a safe, qualified driver.

32. Defendant CRST breached these duties when it allowed Defendant Piercefield to operate its motor vehicle despite knowing he was not a competent driver.

33. Defendant CRST breached these duties when it allowed Defendant Piercefield to operate its motor vehicle despite knowing he would drive her vehicle recklessly.

34. As a direct and proximate result of the conduct and choices of the Defendants, Mr. Pace has endured severe, uncompensated harms and losses. These harms and losses include past, present, and future physical symptoms, immobility, isolation and diminished capacity to perform his activities of daily living and enjoy life. These harms and losses caused and continue to cause Mr. Pace to expend great sums of money for hospitals, physicians, and related care and treatment. Mr. Pace endured and continues to endure from mental and emotional harms and losses, including frustration, fright, shock and anguish. Mr. Pace has lost and will continue to lose wages and wage earning opportunities.

35. Mr. Pace neither contributed to any violations of the safety rules which caused this collision, nor assumed the risk of the injuries sustained.

## V. STATEMENT OF CLAIMS

### COUNT I
(Negligence: Defendant Chris Daniel Piercefield)

36. Mr. Pace, incorporates the allegations of paragraph one (1) through thirty five (35) above and, in addition, avers that Defendant Piercefield's choices to violate the safety rules in the operation of a motor vehicle caused harm to Mr. Pace justifying an allowance of monetary damages against Defendant Piercefield.

### COUNT II
(Agency: Defendant CRST)

37. Mr. Pace, incorporates the allegations of paragraph one (1) through thirty six (36) above and, in addition avers that Defendant CRST is vicariously liable for Defendant Piercefields's choice to violate the safety rules in the operation of its vehicle which was not

reasonably careful and constitutes negligence, harming Mr. Pace and justifying an allowance of monetary damages against Defendant CRST.

## COUNT III
### (Negligent Entrustment: Defendant CRST)

38. Mr. Pace, incorporates the allegations of paragraph one (1) through thirty seven (37) above and, in addition avers that Defendant CRST's choice not to follow the rules which govern the selection of individuals who are safe, qualified and competent and licensed to drive motor vehicles it owns was not a reasonably careful and constitutes negligence, harming Mr. Pace and justifying an allowance of monetary damages against Defendant CRST.

## CLAIM FOR RELIEF

WHEREFORE, David Oden Pace, demands judgment against Defendants Chris Daniel Piercefield, and CRST Specialized Transportation, Inc., jointly and severally, and that damages be awarded in the amount equal to past, medical expenses, past, present and future lost wages, and past, present, and future pain and suffering an amount that exceeds One Million dollars ($1,000,000.00) and that Mr. Pace receive interest from the date of the incident described herein, costs of this suit and further relief as this Court deems proper.

Respectfully submitted,

CHASENBOSCOLO, INJURY LAWYERS

By: *Monique L. Lee*

Monique L. Lee (CPF #606130178)
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
(301) 220-0050
Fax: 301-474-1230
MLee@chasenboscolo.com
Counsel for Mr. Pace

## JURY DEMAND

David Oden Pace demands a trial by jury on all issues herein.

Respectfully submitted,

CHASENBOSCOLO, INJURY LAWYERS

By: *Monique L. Lee*

Monique L. Lee (CPF #606130178)
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
(301) 220-0050
Fax: 301-474-1230
MLee@chasenboscolo.com
Counsel for Mr. Pace

E-FILED; Anne Arundel Circuit Court
Docket: 1/15/2021 10:05 AM; Submission: 1/15/2021 10:05 AM

IN THE CIRCUIT COURT FOR Anne Arundel County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT   CASE NUMBER C-02-CV-21-000065 (Clerk to insert)

CASE NAME: David Oden Pace (Plaintiff) vs. Chris Daniel Piercefield, et. al. (Defendant)

PARTY'S NAME: David Oden Pace   PHONE: (254) 541-3995

PARTY'S ADDRESS: 1519 14th Avenue, North, Bessemer, AL 35020

PARTY'S E-MAIL: ddawg4everus@yahoo.com

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: Monique L. Lee   PHONE: (301) 220-0050
PARTY'S ATTORNEY'S ADDRESS: 7852 Walker Drive, Suite 300 Greenbelt, Maryland 20770
PARTY'S ATTORNEY'S E-MAIL: MLee@chasenboscolo.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL?: ____ hours  2 days

### PLEADING TYPE

New Case: ☒Original  ☐Administrative Appeal  ☐Appeal
Existing Case: ☐Post-Judgment  ☐Amendment

*If filing in an existing case*, skip Case Category/Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☒ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)  Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☐ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above*, mark one of the following. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000    ☐ $10,000 - $30,000    ☒ $30,000 - $100,000    ☐ Over $100,000

☒ Medical Bills $_____    ☒ Wage Loss $_____    ☐ Property Damages $_____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation          ☒Yes  ☐No          C. Settlement Conference    ☒Yes  ☐No
B. Arbitration        ☐Yes  ☒No          D. Neutral Evaluation       ☐Yes  ☒No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.    *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☐ More than 3 days of trial time
☒ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff........................... |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

1/13/21
Date

7852 Walker Drive, Suite 300
Address

Greenbelt     MD     20770
City          State  Zip Code

*Monique L. Lee*
Signature of Counsel / Party

Monique L. Lee
Printed Name

CC-DCM-002 (Rev. 04/2017)          Page 3 of 3